***E-FILED - 7/3/08***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAPRINA L. FLETCHER, | No. C 08-2774 RMW (PR) |
| Petitioner, | ORDER TO SHOW CAUSE |
| vs. | |
| GLORIA HENRY, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. The court orders respondent to show cause why a writ of habeas corpus should not be granted.

**BACKGROUND**

According to the petition, petitioner was convicted in Contra Costa County Superior Court of robbery, personal use of a firearm, and carrying a concealed weapon. The trial court sentenced petitioner to a term of 13 years in state prison. On direct appeal, the state appellate court affirmed the judgment, and the state supreme court denied the petition for review. The instant federal petition was filed on June 4, 2008.

**DISCUSSION**

**A.   Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person

Order to Show Cause
G:\PRO-SE\SJ.Rmw\HC.08\Fletcher2774osc.wpd        1

1  in custody pursuant to the judgment of a state court only on the ground that he is in
2  custody in violation of the Constitution or laws or treaties of the United States." 28
3  U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).
4       A district court shall "award the writ or issue an order directing the respondent to
5  show cause why the writ should not be granted, unless it appears from the application that
6  the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.    Petitioner's Claims**

As grounds for federal habeas relief petitioner asserts that she was denied her constitutional right to equal protection by the prosecutor's peremptory challenge of a prospective juror based on the juror's African-American race. Liberally construed, petitioner's allegations are sufficient to require a response. The court orders respondent to show cause why the petition should not be granted.

**CONCLUSION**

1. The clerk shall serve by mail a copy of this order and the petition (docket no. 1) and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within **ninety days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, she shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the date the answer is filed.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules

1  Governing Section 2254 Cases within **ninety days** of the date this order is filed.  If
2  respondent files such a motion, petitioner shall file with the court and serve on respondent
3  an opposition or statement of non-opposition within **thirty days** of the date the motion is
4  filed, and respondent shall file with the court and serve on petitioner a reply within **fifteen**
5  **days** of the date the opposition is filed.
6          4.      It is petitioner's responsibility to prosecute this case.  Petitioner is reminded
7  that all communications with the court must be served on respondent by mailing a true
8  copy of the document to respondent's counsel.  Petitioner must keep the court and all
9  parties informed of any change of address by filing a separate paper captioned "Notice of
10 Change of Address."  He must comply with the court's orders in a timely fashion.  Failure
11 to do so may result in the dismissal of this action for failure to prosecute pursuant to
12 Federal Rule of Civil Procedure 41(b).
13         IT IS SO ORDERED.
14 DATED: __7/1/08_____                    *Ronald M. Whyte*
                                              RONALD M. WHYTE
15                                            United States District Judge

Order to Show Cause
G:\PRO-SE\SJ.Rmw\HC.08\Fletcher2774osc.wpd      3